UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARIA MARTINA RODRIGUEZ | * | CIVIL ACTION NO. 18-6674 |
| | * | |
| | * | SECTION: "A"(1) |
| VERSUS | * | |
| | * | JUDGE JAY C. ZAINEY |
| | * | |
| COMMISSIONER OF THE SOCIAL | * | MAGISTRATE JUDGE |
| SECURITY ADMINISTRATION | * | JANIS VAN MEERVELD |
| ************************************ | * | |

REPORT AND RECOMMENDATION

Before the Court is the Motion for Attorney Fees filed by plaintiff Maria Martina Rodriguez (Rec. Doc. 23) and automatically referred to the undersigned. For the following reasons, it is RECOMMENDED that the Motion be GRANTED.

Background

On July 23, 2018, Ms. Rodriguez filed a Complaint to review the decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits under Titles II of the Social Security Act, 42 U.S.C. § 1381. The undersigned ordered the parties to submit cross-motions for summary judgment. Ms. Rodriguez filed her motion for summary judgment. Thereafter, the Commissioner filed a Consent Motion to Remand the matter for further proceedings. The motion was granted by the district judge. Ms. Rodriguez now seeks her attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412. The Commissioner does not object to the amount of the proposed EAJA fee or Ms. Rodriguez's request for costs. However, the Commissioner has filed a memorandum to raise certain issues concerning the method of payment, which are discussed further below.

1

Law and Analysis

Under the EAJA, the Court shall award fees and other expenses to the prevailing party in a civil action against the United States, unless the position of the United States was substantially justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). When the district court remands a Social Security appeal to the ALJ for further findings, the Social Security claimant qualifies as a prevailing party for purposes of fees under the EAJA. See Breaux v. U.S. Dep't of Health & Human Services, 20 F.3d 1325 (5th Cir. 1947); Thibodeaux v. Astrue, 914 F. Supp. 2d 789, 791 (E.D. La. 2012). There is no dispute that Ms. Rodriguez is a prevailing party entitled to an award of fees under the EAJA.

Ms. Rodriguez proposes an hourly rate of $175 for the attorney fees award, and the Commissioner does not oppose this rate. Attorney fees awarded pursuant to the EAJA are capped at $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(1)(D). The United States Court of Appeals for the Ninth Circuit posts a schedule of the maximum EAJA each year accounting for "[a]ppropriate cost-of-living increases," which it calculates "by multiplying the $125 statutory rate by the annual average consumer price index figure for all urban consumers ("CPI–U") for the years in which counsel's work was performed, and then dividing by the CPI–U figure for March 1996, the effective date of EAJA's $125 statutory rate." Thangaraja v. Gonzales, 428 F.3d 870, 876–77 (9th Cir. 2005). For work performed in 2018, the posted maximum hourly rate is $201.60. See Statutory Maximum Rates Under the Equal Access to Justice Act, United States Courts for the Ninth Circuit (July 23. 2019, 3:44 PM), https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039. In considering the maximum hourly rate, courts in this district have also considered the increase in

the cost of living using the consumer price index. See, e.g., Cook v. Berryhill, No. CV 17-1142, 2017 WL 2821907, at *4 (E.D. La. June 14, 2017), report and recommendation adopted, No. CV 17-1142, 2017 WL 2812924 (E.D. La. June 29, 2017); Kolb v. Colvin, No. CV 13-5085, 2016 WL 258621, at *2–3 (E.D. La. Jan. 21, 2016).

Of course, the statutory cap is a maximum and the actual award may be at a lower rate. For example, in recent years, courts in this district have regularly awarded attorney fees in Social Security appeals at an hourly rate of $175. See, e.g., Cook, 2017 WL 2821907, at *4; Lasserre v. Berryhill, No. CV 15-6934, 2017 WL 914644, at *4 (E.D. La. Feb 16, 2017), report and recommendation adopted, No CV 15-6934, 2017 WL 897841 (E.D. La. Mar. 7, 2017); Kolb, 2016 WL 258621, at *2–3 (E.D. La. Jan. 21, 2016); Joiner v. Colvin, No. CIV.A. 14-1315, 2015 WL 6442710, at *1 (E.D. La. Oct. 23, 2015). In light of the maximum rate calculated using the consumer price index and the rates awarded by other courts in this district for similar matters, the Court finds that Ms. Rodriguez's proposed hourly rate of $175 per hour is appropriate.

Ms. Rodriguez claims that her counsel spent 39.8 hours in preparing her case. She seeks reimbursement for 34 of those hours. She points out that her attorney's 31-page brief convinced the Commissioner to stop defending the ALJ's decision. An itemization of her counsel's time is included. The Court finds the time spent to be reasonable. Further, the Court notes that the Commissioner does not challenge the reasonableness of the hours spent by Ms. Rodriguez's counsel. Thus, Ms. Rodriguez's proposed award of $5,950 in attorneys' fees is appropriate.

Ms. Rodriguez seeks $500 in costs, which is equal to the $400 court filing fee plus the $100 court fee to appear *pro hac vice*. The Commissioner does not oppose Ms. Rodriguez's request. The court finds Ms. Rodriguez's proposed award of $500 in costs is appropriate.

3

Ms. Rodriguez's proposed order provides that the total award be paid directly to her counsel, David F. Chermol, Esquire and sent to his office at Chermol and Fishman, LLC, 11450 Bustleton Avenue, Philadelphia, PA 19116. The proposed order also states that payment is to be made "[s]ubject to any offset under the Treasury Offset Program." The Commissioner submits that the award must be made payable to Ms. Rodriguez, although it can be sent to her counsel's office. Astrue v. Ratliff, 560 U.S. 586, 594 (2010) ("EAJA fees are payable to litigants and are thus subject to offset where a litigant has outstanding federal debts."). The Commissioner notes that he has not received any valid assignment assigning Ms. Rodriguez's right to this fee and cost award to her counsel. The Commissioner also submits that the award will be made subject to any offset to satisfy any pre-existing debt that Ms. Rodriguez owes the United States. Id. The Commissioner adds that recovery of the $500 in costs must be paid from the Judgment Fund upon request from the Department of Justice.

Ms. Rodriguez has not submitted a reply memorandum, and there does not appear to be any basis to contest the Commissioner's contentions. Accordingly, these additional provisions should be incorporated into the order.

Recommendation

For the foregoing reasons, it is RECOMMENDED that the plaintiff's motion for attorney's fees be GRANTED and that plaintiff be awarded $5,950 in reasonable attorney's fees and $500 in costs by check(s) payable to plaintiff and mailed to her attorney David F. Chermol, Esquire, Chermol and Fishman, LLC, 11450 Bustleton Avenue, Philadelphia, PA 19116, with such award subject to offset for any outstanding debt Ms. Rodriguez owes the United States, and with the Department of Justice to request the $500 in costs to be paid by the Judgment Fund.

<u>Objections</u>

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within fourteen (14) calendar days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 30th day of July, 2019.

*[signature: Janis van Meerveld]*
Janis van Meerveld
United States Magistrate Judge